IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| JULIE G. JENKINS and | ) | |
| JAMES P. GUNN | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| v. | ) | |
| | ) | CIVIL ACTION FILE |
| META PLATFORMS, INC, | ) | |
| HOLDER CONSTRUCTION COMPANY, | ) | NO._____ |
| PLATEAU EXCAVATION, INC, | ) | |
| ALIF TRANSPORT, INCORPORATED, | ) | <u>JURY TRIAL DEMANDED</u> |
| AM GRADING & HAULING, INC., | ) | |
| ADNAN MOHAMED, and | ) | |
| DANIEL BRUCE, | ) | |
| | | |
|     Defendants. | | |

## **COMPLAINT**

For their Complaint against Defendants Meta Platforms, Inc., Holder Construction Company, Plateau Excavation, Inc., Alif Transport, Incorporated, AM Grading & Hauling, Inc., Adnan Mohamed, and Daniel Bruce (collectively "Defendants"), Plaintiffs Julie B. Jenkins, as Trustee of the Albert Felton Jenkins, Jr. Testamentary Trust, and James P. Gunn (collectively "Plaintiffs") allege the following:

02355157-2

## STATEMENT OF JURIDICTION AND VENUE

1.     This case constitutes a citizen's suit under the federal Clean Water Act pursuant to 33 U.S.C. § 1365 which vests federal subject matter jurisdiction in this Court pursuant to 33 U.S.C. § 1365(a).

2.     The water pollution discharge which gives rise to this action is located in Morgan County, Georgia, placing venue in this Court pursuant to 33 U.S.C. § 1365(c)(1).

3.     More than sixty (60) days prior to the filing of this Complaint, Plaintiffs provided ante-litem notice to Defendants, the United States Environmental Protection Agency, and the Georgia Environmental Protection Division, as required by 33 U.S.C. § 1365(b)(1)(A) pursuant to letters dated and placed in the U.S. Mail on March 3, 2022 and April 18, 2022.  Copies of those notice letters, with copies of receipts reflecting their mailing, are attached hereto as **Exhibits A-1 and A-2**.

4.     Pursuant to 33 U.S.C. § 1365(c)(3), Plaintiffs will serve a copy of this Complaint upon the Attorney General of the United States and the Administrator of the United States Environmental Protection Agency.

5.     This Court has supplemental jurisdiction over the related state law claims alleged in this Complaint pursuant to 28 U.S.C. § 1367(a).

02355157-2

6.      This Court has personal jurisdiction and venue over all Defendants.

## BACKGROUND

7.      Plaintiff Julie G. Jenkins is the Trustee of the Albert Felton Jenkins Testamentary Trust and in that capacity is the owner of a 42.59 acre property ("Jenkins Property") in Morgan County, Georgia with a driveway leading into the property from Davis Academy Road.  The Jenkins Property includes a pond ("Jenkins Pond") approximately three (3) acres in size which is fed by Rawlings Branch.

8.      But for the discharges of red clay waste pollutants into Rawlings Branch and thence to Jenkins Pond that are the subject of this Complaint, Plaintiff Jenkins and her family have valued and enjoyed the generally clear waters of Rawlings Branch and Jenkins Pond.

9.      Plaintiff James P. Gunn is the owner of an adjacent 64 acre property ("Gunn Property") with an address of 1290 Chilton Woods Road in Morgan County, Georgia.  The Gunn Property includes a pond ("Gunn Pond") approximately 10 acres in size.

10.      But for the discharges of red clay pollutants into Rawlings Branch and thence to Jenkins Pond and Gunn Pond that are the subject of this Complaint,

Plaintiff Gunn and his family have valued and enjoyed the generally clear waters of Gunn Pond.

11.    A causeway separates the Jenkins Pond and Gunn Pond from each other, and a pipe running through that causeway connects the waters of those ponds, both of which depend upon Rawlings Branch as the source of such waters.

12.    The Jenkins Pond and Gunn Pond, as fed by Rawlings Branch, are located downstream and to the east of a 111.14 acre property ("Bruce Property") owned by Defendant Daniel Bruce ("Bruce"), which property has a street address of 7010 Atlanta Highway in Morgan County, Georgia.

13.    Defendant Meta Platforms, Inc. ("Meta"), formerly known as Facebook, Inc., is the developer of a large Facebook data center in Newton County, Georgia ("Facebook project") to the south of the Jenkins and Gunn properties.

14.    Defendant Holder Construction Company ("Holder") served as general contractor for the construction of the Facebook project.

15.    Defendant Plateau Excavation, Inc. ("Plateau") served as a grading subcontractor for the construction of the Facebook project.

16.    Defendants Alif Transport, Inc. and/or AM Grading & Hauling, Inc. as its successor, alter ego, and/or affiliate (collectively, "Alif") served as subcontracted

4

hauler and disposer of excess red clay that was excavated in the course of construction of the Facebook project.

17.     Defendant Adnan Mohamed ("Mohamed") is the owner and operator of Alif.

18.      Beginning in or around May or June 2020, Alif dumped hundreds and perhaps in excess of one thousand dump truck loads of red clay waste excavated and hauled from the Facebook project onto the Bruce property, with Mr. Bruce's permission.

19.     Defendant Mohamed was aware of, directed, and/or approved the dumping of such red clay waste onto the Bruce property.

20.     The dumping of that red clay waste on the Bruce property was done a) without a permit under the federal Clean Water Act, the Georgia Water Quality Act, the Georgia Erosion and Sedimentation Act, or the Georgia Solid Waste Management Act, and b) without adequate erosion and sedimentation controls to prevent the discharge of such red clay waste into Rawlings Branch from the Bruce property which resulted in substantial downstream red clay pollution impacts to Jenkins Pond and Gunn Pond.

21.     In an attempt to mislead regulatory authorities, a representative of Alif misrepresented to Mr. Chuck Jarrell, Director of the Morgan County Planning and

5

02355157-2

Development Department, that the material from the Facebook project which was to be hauled and dumped on the Bruce Property would consist of top soil for agricultural purposes.  A true and correct copy of Mr. Jarrell's April 30, 2020 letter to Alif confirming such representation is attached hereto as **Exhibit B**.

22.    Pursuant to the above-referenced notice letters in March and April 2022, Plaintiffs placed Defendants on formal notice of the above-referenced circumstances and the need to abate the continuing pollution of Rawlings Branch, Jenkins Pond, and Gunn Pond that originates from the red clay waste from the Facebook project that was dumped on the Bruce property.

23.    Notwithstanding such notice, the above-referenced pollution of Rawlings Branch, Jenkins Pond, and Gunn Pond has continued through the date of filing of this Complaint and is expected to continue thereafter.

24.    In order to abate and remediate such pollution, it will be necessary for a) adequate erosion and sedimentation controls to be installed at the Bruce Property to prevent additional discharges of red clay waste from the Facebook project into Rawlings Branch, and/or the red clay waste soil to be removed from the Bruce Property and disposed of properly; b) red clay pollution of Rawlings Branch to be abated and removed so as to restore it to a condition equivalent to that which existed before the above-referenced pollution commenced; and c) red clay pollution of

6

Jenkins Pond and Gunn Pond to be abated and removed so as to restore them to a condition equivalent to that which existed before the above-referenced pollution commenced.

25.    Each of the Defendants has failed to act reasonably to assure that the red clay waste from the Facebook project was managed and disposed reasonably and in accordance with governing statutes and regulations so as to avoid harm to others, including Plaintiffs and their properties.

26.    Each of the Defendants has failed to act reasonably to abate, prevent, and remediate the continuing harm to Plaintiffs and their properties after having been placed on notice of such harm.

27.    Recent photographs showing the polluted/stained waters of Rawlings Branch, Jenkins Pond and Gunn Pond subsequent to the dumping on the Bruce Property of red clay waste from the Facebook project are attached hereto as **Exhibits C-1, C-2, C-3, C-4, and C-5.**

28.    Photographs showing Gunn Pond in a clear condition prior to the dumping of red clay waste on the Bruce Property from the Facebook project are attached hereto as **Exhibits D-1 and D-2.**

29.    Defendants Meta, Holder, and Plateau are each vicariously liable for the conduct of Alif pursuant to O.C.G.A. § 51-2-5 which states:

02355157-2

An employer is liable for the negligence of a contractor:

(1) When the work is wrongful in itself or, if done in the ordinary manner, would result in a nuisance;

(2) If, according to the employer's previous knowledge and experience, the work to be done is in its nature dangerous to others however carefully performed;

(3) If the wrongful act is the violation of a duty imposed by express contract upon the employer;

(4) If the wrongful act is the violation of a duty imposed by statute;

(5) If the employer retains the right to direct or control the time and manner of executing the work or interferes and assumes control so as to create the relation of master and servant or so that an injury results which is traceable to his interference; or

(6) If the employer ratifies the unauthorized wrong of the independent contractor.

30.    At a minimum, the acts and omissions of Alif as subcontractor on the Facebook project constitute wrongful acts in violation of the above-referenced statutory duties for which Defendants Meta, Holder, and Plateau have liability.

31.    On information and belief, the acts and omissions of Alif constitute the violation of duties imposed upon Defendants Meta, Holder, and/or Plateau under one or more express contracts.

32.    Defendants Meta, Holder, and/or Plateau have ratified the wrongful acts and omissions of Alif.

## COUNT ONE – CLEAN WATER ACT VIOLATIONS

32.    The allegations contained in paragraphs 1 – 31 above are incorporated by reference in this count as if fully stated herein.

33.    The above-referenced pollution of Rawlings Branch, Jenkins Pond, and Gunn Pond, for which Defendants have and will continue to have responsibility, have and will continue to result in repeated and continuing violations of effluent standards and limitations under the federal Clean Water Act as referenced in its citizen suit provisions at 33 U.S.C. § 1365(f).

34.    Plaintiffs' interests in Rawlings Branch, Jenkins Pond, and Gunn Pond have been and continue to be adversely affected by such violations, and Plaintiffs

02355157-2

therefore have standing to bring this action pursuant to the citizen suit provisions of 33 U.S.C. § 1365.

36.    Defendants' acts and omissions have caused and contributed to the above-referenced violations such that Defendants are liable, jointly and severally, for such violations and for civil penalties, injunctive relief, and expenses of litigation, including reasonable attorney's fees, pursuant to the federal Clean Water Act.

## COUNT TWO – NEGLIGENCE/NEGLIGENCE PER SE

36.    The allegations contained in paragraphs 1 – 35 above are incorporated by reference in this count as if fully stated herein.

37.    Pursuant to the federal Clean Water Act Georgia Erosion and Sedimentation Act, the Georgia Water Quality Act, and the Georgia Solid Waste Management Act, and their corresponding regulations, Defendants each owe statutory duties not to cause or contribute to a violation of the standards, requirements, and prohibitions of such laws and regulations.

38.    The harm to Plaintiffs resulting from breach of these statutory duties is a type of harm these statutes were intended to guard against, Plaintiffs fall within a class of persons these statutes are intended to protect, and the damages to Plaintiffs'

properties is a type of harm which against which these statutes are intended to protect.

39.     Defendants' acts and omissions have caused and contributed to the violation of the above-referenced statutory duties.

40.     Defendants' acts and omissions constitute negligence per se.

41.     Defendants have failed to exercise reasonable care with respect to the disposal of the red clay waste from the Facebook project to assure that it was properly disposed in a manner that did not cause harm to others, including Plaintiffs.

42.     As a result of Defendants' acts and omissions, Plaintiffs and their properties have been and continue to be harmed and damaged, which such acts and omissions being the proximate cause of such harm and damages.

43.     Defendants are jointly and severally liable for such harm and damages.

44.     Plaintiffs are entitled to recover damages from Defendants, jointly and severally, including but not limited to a) the cost of restoring Jenkins Pond and Gunn Pond to a condition equivalent to that which existed before the above-referenced pollution commenced, and b) general damages.

45.     Plaintiffs are also entitled to injunctive relief against Defendants so as to prevent the continuing discharge of pollution from the Bruce Property into Rawlings Branch, Jenkins Pond, and Gunn Pond.

02355157-2

## COUNT THREE – TRESPASS AND NUISANCE

46.    The allegations contained in paragraphs 1 – 45 above are incorporated by reference in this count as if fully stated herein.

47.    Substantial pollution in the form of sedimentation and discoloration of Jenkins Pond and Gunn Pond has resulted and continues to result from the above-referenced acts and omissions of Defendants for which Defendants are and will continue to be responsible.

48.    Such pollution in the form of sedimentation and discoloration of Jenkins Pond and Gunn Pond constitutes an unreasonable interference with Plaintiffs' property rights and a continuing trespass and nuisance.

49.    As a result of such trespass and nuisance, Plaintiffs are entitled to recover damages against Defendants, jointly and severally, including but not limited to a) the cost of restoring Jenkins Pond and Gunn Pond to a condition equivalent to that which existed before the above-referenced pollution commenced, and b) general damages.

50.    Plaintiffs are also entitled to injunctive relief against Defendants so as to prevent the continuing trespass and nuisance resulting from the discharge of pollution from the Bruce Property into Rawlings Branch, Jenkins Pond, and Gunn Pond.

12

02355157-2

## COUNT FOUR – EXPENSES OF LITIGATION, INCLUDING ATTORNEY'S FEES

51.     The allegations contained in paragraphs 1 – 50 above are incorporated by reference in this count as if fully stated herein.

52.     Defendants have acted in bad faith, been stubbornly litigious, and put Plaintiffs to unnecessary trouble and expense so as to entitle Plaintiffs to an award of their expenses of litigation, including reasonable attorney's fees, against Defendants pursuant to O.C.G.A. § 13-6-11.

## COUNT FIVE – PUNITIVE DAMAGES

53.     The allegations contained in paragraphs 1 – 52 above are incorporated by reference in this count as if fully stated herein.

54.     Defendants' acts and omissions involve willful misconduct, malice, fraud, wantonness, oppression, and/or that entire want of care which would raise the presumption of conscious indifference to consequences.

55.     Defendants' acts and omissions constitute aggravating circumstances entitling Plaintiffs to an award of punitive damages against Defendants.

WHEREFORE, Plaintiffs respectfully pray for the following relief:

a)      Under Count One, that judgment enter against Defendants, jointly and severally, for civil penalties, injunctive relief to abate the pollution of Rawlings

Branch, Jenkins Pond, and Gunn Pond, and expenses of litigation, including reasonable attorney's fees;

b)    Under Counts Two and Three, that judgment enter against Defendants, jointly, severally, or otherwise, for Plaintiffs' damages, including but not limited to general damages, in an amount to be determined at trial, and for injunctive relief to abate the pollution of Rawlings Branch, Jenkins Pond, and Gunn Pond;

c)    Under Count Four, that judgment enter against Defendants for Plaintiffs' expenses of litigation, including reasonable attorney's fees;

d)    Under Count Five, that judgment enter against Defendants, jointly, severally, or otherwise, for punitive damages in an amount to be established at trial;

e)    That a jury trial be had over all issues so triable.

f)    Such other and further relief as is just and proper.

Respectfully submitted, this 6th day of July, 2022.

*/s/ Craig K. Pendergrast*
Craig K. Pendergrast
Georgia Bar No. 571155
cpendergrast@taylorenglish.com
TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 200
Atlanta, Georgia 30339
Telephone: (770) 434-6868

*Counsel for Plaintiff Julie G. Jenkins*

14

*/s/ Raymond T. Brooks, Jr.*
Raymond T. Brooks, Jr.
Georgia Bar No. 085420
rtboffice@yahoo.com
Law Offices of Raymond T. Brooks, Jr.
281 Scenic Highway
Lawrenceville, Georgia 30046
Telephone: (770) 299-1646

*Counsel for Plaintiff James P. Gunn*

02355157-2

# EXHIBIT A-1

taylor | english

**Taylor English Duma LLP** 1600 Parkwood Circle, Suite 200, Atlanta, Georgia 30339
Main: 770.434.6868  Fax: 770.434.7376  **taylorenglish.com**

Craig K. Pendergrast
(678)336-7245
Email: cpendergrast@taylorenglish.com

March 3, 2022

**CERTIFIED MAIL NO.**
**70201810000005648428**
Holder Construction Company
3300 Riverwood Parkway
Suite 1200
Atlanta, GA 30339

**CERTIFIED MAIL NO.**
**70201810000005648466**
Daniel Bruce
7010 Atlanta Highway
Rutledge, GA 30663.

**CERTIFIED MAIL NO.**
**70201810000005648497**
Meta Platforms, Inc.
fka, Facebook, Inc.
c/o Corporation Services Company
2 Sun Court, Suite 400
Peachtree Corners, GA 30092

**CERTIFIED MAIL NO.**
**70201810000005648480**
Georgia Environmental Protection
Division
Richard E. Dunn, Director
2 Martin Luther King Jr. Drive, SE
14th Floor East Tower - Suite 1456
Atlanta, GA 30334

**CERTIFIED MAIL NO.**
**70201810000005648459**
Plateau Excavation, Inc.
375 Lee Industrial Boulevard
Austell, GA 30168

**CERTIFIED MAIL NO.**
**70201810000005648435**
Alif Transport, Incorporated
5152 Memorial Drive, Suite 103
Stone Mountain, GA, 30083

**CERTIFIED MAIL NO.**
**70201810000005648473**
United States Environmental Protection
Agency
Administrator
1200 Pennsylvania Avenue, N.W.
Washington, DC 20460

**CERTIFIED MAIL NO.**
**70201810000005648442**
United States Environmental Protection
Agency
Region 4 Administrator
61 Forsyth Street SW
Atlanta, GA 30303

March 3, 2022
Page 2

Re: 60 Day Notice of Intent to Sue and Demand Letter

Dear Sirs:

Craig Pendergrast of the law firm of Taylor English Duma, LLP represents Julie G. Jenkins, as Trustee of the Albert Felton Jenkins, Jr. Testamentary Trust ("Jenkins"), as the owner of a 42.59 acre property in Morgan County, Georgia with a driveway leading into the property from Davis Academy Road.   Bryan Pulliam of the Law Offices of Bryan M. Pulliam, LLCrepresents James P. Gunn, the owner of an adjacent 64 acre property with an address of 1290 Chilton Woods Road in Morgan County, Georgia.

The Jenkins and Gunn properties include ponds that are fed by a stream known as Rawlings Branch, downstream and to the east of a 111.14 acre property owned by Daniel Bruce, which has a street address of 7010 Atlanta Highway in Morgan County, Georgia.

Meta Platform, Inc., formerly known as Facebook, Inc. is the developer of a large Facebook data center in Newton County, Georgia to the south of the Jenkins and Gunn properties.  Holder Construction Company ("Holder") has served as the general contractor for the construction of a large Facebook data center project in the vicinity.  Plateau Excavation, Inc. ("Plateau") has served as Holder's grading subcontractor for that project.  Alif Transport, Inc. has served as the subcontracted hauler of excess red clay that was excavated in the course of construction of the Facebook project.  In such capacity, Alif Transport has dumped and spread hundreds and perhaps in excess of one thousand dump truck loads of red clay on the Bruce property, with Mr. Bruce's permission. The dumping and spreading of that red clay on the Bruce property without adequate erosion and sedimentation controls to prevent the discharge of red clay sediments into Rawlings Branch from the Bruce property and the resulting downstream impacts to the ponds on the Jenkins and Gunn properties is the subject of this letter.

The Jenkins property includes a pond ("Jenkins Pond") approximately 3 acres in size which is fed by Rawlings Branch.  Jenkins Pond is connected to a pond ("Gunn Pond") approximately 10 acres in size on the Gunn property.  A causeway separates the Jenkins Pond and Gunn Pond from each other, and a pipe running through that causeway connects the waters of those ponds.

Prior to the dumping and spreading of excess red clay soil excavated from the Facebook project on the Bruce property, the waters of Jenkins and Gunn Ponds were substantially clear at most times.  Beginning in or around July 2020, members of the Jenkins and Gunn families noticed that the waters of those ponds had become heavily stained/polluted with red clay color.  After

investigating the source of such pollution, they determined that the red clay that had been dumped and spread on the Bruce property was the source.  Further investigation has resulted in the determination that the source of that red clay was the Facebook project as referenced above.

March 3, 2022
Page 3

Further investigation has also revealed that the dumping and spreading of such red clay was done without a permit under the Georgia Solid Waste Disposal Act, the Georgia Erosion and Sedimentation Act, the Georgia Water Quality Act, or the federal Clean Water Act. The dumping and spreading of such red clay, without appropriate permits and without adequate erosion and sedimentation controls to prevent the discharge of red clay sediments into Rawlings Branch and the Jenkins and Gunn ponds, constitutes a continuing violation of each of those acts. The resulting impacts on Jenkins and Gunn Ponds also constitute an unlawful and continuing nuisance and trespass under Georgia law.

The purpose of this letter is to place the addressees of this letter on notice of these circumstances, violations, and problems. What needs to be done in response to this notice?

1. Erosion and sedimentation controls must be installed on the Bruce property to prevent any further discharge of the red clay that was dumped there into Rawlings Branch. Although some erosion and sedimentation control efforts have been undertaken at the Bruce property in the form of rolls of hay and more recently some silt fencing, they are inadequate, and red clay continues to be discharged from the Bruce property into Rawlings Branch and then into the Jenkins and Gunn ponds following rain events. We must insist that Meta Platforms, Holder Construction, Plateau Excavation, Alif Transport, and Mr. Bruce coordinate as necessary to cause adequate erosion and sedimentation controls to be installed at the Bruce property no later than thirty (30) days from the date of this letter so as to prevent any further red clay-impacted discharges into Rawlings Branch and the Jenkins and Gunn Ponds. Those controls should likely include but not be limited to one or more sediment traps and ponds.

2. Once the dumped clay areas on the Bruce property are fully-stabilized so that no muddy water is discharged into Rawlings Branch, it will also likely be necessary to convert a sediment pond to a permanent storm water detention pond to avoid excessive flows of storm water into Rawlings Branch. The relatively-impervious clay that has been dumped and spread on the Bruce property appears to have increased the rate and volume of storm water that discharges from it into Rawlings Branch and then to Jenkins and Gunn Ponds. Such an increase in storm water runoff rate and volume is harmful to Jenkins and Gunn Ponds and actionable under Georgia law.

3. Rawlings Branch, Jenkins Pond, and Gunn Pond need to be restored to their condition prior to their pollution that resulted from the dumping and spreading of the red clay from the Facebook project on the Bruce property.

4. Third, the Jenkins and Gunn families need to be compensated for the damage to their properties that has resulted from this very troubling situation. That compensation will need to cover their actual and general damages as provided by Georgia law for the trespass and nuisance in question. That compensation will also need to include reasonable attorney's fees and punitive damages as a result of the aggravating

March 3, 2022
Page 4

circumstances that relate to the improper dumping of red clay from the Facebook project onto the Bruce property and the resulting impacts on Rawlings Branch and Jenkins and Gunn Ponds.

This letter should also be deemed to serve as a notice of intent to sue under the federal Clean Water Act. Under applicable law, should the violation of the Clean Water Act arising from the dumping of red clay onto the Bruce property and the resulting discharges and deposit of red clay sediment into Rawlings Branch and Jenkins and Gunn Ponds not be fully abated within sixty (60) days of this letter, then the right to file a citizen's suit under the Clean Water Act will accrue as provided at 33 U.S.C § 1365. In an action under the citizen's suit provisions of the Clean Water Act, exposure to imposition of significant civil and potential criminal penalties will exist on the part of the defendants, together with other appropriate relief. Those penalties are calculated on a daily basis. Therefore, it is in your best interest to quickly bring the ongoing Clean Water Act violations to an end.

Please respond to us within the next thirty (30) days to discuss these matters further.

Sincerely,

*Craig K. Pendergrast*

Craig K. Pendergrast
Taylor English Duma, LLP
Attorneys for Julie G. Jenkins

Bryan Pulliam
Law Offices of Bryan M. Pulliam, LLC
Attorney for James P. Gunn

Tiffany Wells
79916-0000

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

OFFICIAL USE

Certified Mail Fee
$ 3.75

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $ 3.05
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $

Postage
$ .53

Total Postage and Fees
$ 7.33

USPS
WINDY HILL BRANCH
MAR 2022
Postmark Here
MARIETTA GA
30067

**Georgia Environmental Protection Division**
**Richard E. Dunn, Director**
**2 Martin Luther King Jr. Drive, SE 14th Floor East Tower - Suite 1456**
**Atlanta, GA 30334**

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

7020 1810 0000 0554 8480

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Georgia Environmental Protection Division
Richard E. Dunn, Director
2 Martin Luther King Jr. Drive, SE
6th Floor East Tower - Suite 1456
Atlanta, GA 30334

9590 9402 6612 1028 0956 19

2. Article Number (Transfer from service label)

7020 1810 0000 0564 8480

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Iamaua J'iche
☐ Agent
☐ Addressee

B. Received by (Printed Name)
lamaya Fischer
C. Date of Delivery
3-8-2022

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery
   00)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

taylor | english    1600 Parkwood Circle, Suite 200 Atlanta, Georgia 30339



ATLANTA METRO 301
4 MAR 2022 PM 1

US POSTAGE PITNEY BOWES

ZIP 30339   $ 007.33
02 4W
0000373022 MAR 03 2022

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE
**CERTIFIED MAIL®**



7020 1810 0000 0564 8435

Alif Transport, Incorporated
5152 Memorial Drive, Suite 103
Stone Mountain, GA, 30083



MOVED, LEFT NO ADDRESS
RETURNED TO SENDER

U T F



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

Tiffany Wells
74916 0000

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$ 3.75

Extra Services & Fees (check box, add fee as appropriate)
☑ Return Receipt (hardcopy)        $ 3.05
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $

Postage
$ .53

Total Postage and Fees
$ 7.33

Alif Transport, Incorporated
5152 Memorial Drive, Suite 103
Stone Mountain, GA, 30083

7020 1810 0000 0564 8435

Postmark
Here

WINDY HILL BRANCH
USPS
MAR 2022
MARIETTA GA
30067

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

Tiffany Wells

79916 0800

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$ 3.75

Extra Services & Fees *(check box, add fee as appropriate)*
☑ Return Receipt (hardcopy)          $ 3.05
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postage
$ .53

Total Postage and Fees
$ 7.33

United States Environmental Protection Agency Administrator
1200 Pennsylvania Avenue, N.W.
Washington, DC 20460

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

7020 1810 0000 0564 8473

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

United States Environmental Protection Agency
Administrator
1200 Pennsylvania Avenue, N.W.
Washington, DC 20460

9590 9402 6612 1028 0956 02

2. Article Number *(Transfer from service label)*

7020 1810 0000 0564 8473

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*
MAP 8 DEPT

C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Plateau Excavation, Inc.
375 Lee Industrial Boulevard
Austell, GA 30168

9590 9402 6612 1028 0955 72

2. Article Number *(Transfer from service label)*

7020 1810 0000 0564 8459

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X _____
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053     Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Certified Mail Fee
$ 3.75

Extra Services & Fees *(check box, add fee as appropriate)*
☑ Return Receipt (hardcopy)       $ 3.05
☐ Return Receipt (electronic)     $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required        $
☐ Adult Signature Restricted Delivery $

Postage
$ .83

Total Postage and Fees
$ 7.33

Plateau Excavation, Inc.
375 Lee Industrial Boulevard
Austell, GA 30168

PS Form 3800, April 2015 PSN 7530-02-000-9047     See Reverse for Instructions



**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Daniel Bruce
7010 Atlanta Highway
Rutledge, GA 30663.

9590 9402 6612 1028 0955 96

2. Article Number *(Transfer from service label)*

7020 1810 0000 0564 8466

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X ☐ Agent ☐ Addressee

B. Received by *(Printed Name)* Luke Duncan    C. Date of Delivery 03/07/22

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:  ☒ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Mail Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee $ 3.75

Extra Services & Fees *(check box, add fee as appropriate)*
☑ Return Receipt (hardcopy) $ 3.05
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $

Postage $ .53

Total Postage and Fees $ 7.33

Tiffany Wells
7491 6.0000

USPS
WINDY HILL BRANCH
MAR 4 2022
Here
MARIETTA GA
30067

Daniel Bruce
7010 Atlanta Highway
Rutledge, GA 30663.

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions



**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Holder Construction Company
3300 Riverwood Parkway
Suite 1200
Atlanta, GA 30339

9590 9402 5263 9154 0199 06

2. Article Number *(Transfer from service label)*

7020 1810 0000 0564 8428

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X

B. Received by

D. Is delivery address different from item 1?
   If YES, enter delivery address below:    ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$ 3.75

Extra Services & Fees *(check box, add fee as appropriate)*
- ☑ Return Receipt (hardcopy)         $ 3.05
- ☐ Return Receipt (electronic)       $
- ☐ Certified Mail Restricted Delivery $
- ☐ Adult Signature Required          $
- ☐ Adult Signature Restricted Delivery $

Postage
$ .53

Total Postage and Fees
$ 7.33

Holder Construction Company
3300 Riverwood Parkway
Suite 1200
Atlanta, GA 30339

7020 1810 0000 0564 8428

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions



**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

United States Environmental Protection Agency
Region 4 Administrator
61 Forsyth Street SW
Atlanta, GA 30303

9590 9402 6612 1028 0955 89

2. Article Number *(Transfer from service label)*

7020 1810 0000 0564 8442

PS Form 3811, July 2020 PSN 7530-02-000-9053

A. Signature
X                    ☑ Agent
                     ☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$ 3.75

Extra Services & Fees *(check box, add fee as appropriate)*
☑ Return Receipt (hardcopy)      $
☐ Return Receipt (electronic)    $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required       $
☐ Adult Signature Restricted Delivery  $

Postage
$ .53

Total Postage and Fees
$ 7.33

United States Environmental Protection Agency
Region 4 Administrator
61 Forsyth Street SW
Atlanta, GA 30303

PS Form 3800, April 2015 PSN 7530-02-000-9047



**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Meta Platforms, Inc.
fka, Facebook, Inc.
c/o Corporation Services Company
2 Sun Court, Suite 400
Peachtree Corners, GA 30092

9590 9402 5263 9154 0198 90

2. Article Number *(Transfer from service label)*

7020 1810 0000 0564 8497

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X ☐ Agent
☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery
ID Smith    3/7/22

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Certified Mail Fee
$ 3.75

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)    $ 3.83
☐ Return Receipt (electronic)    $
☐ Certified Mail Restricted Delivery    $
☐ Adult Signature Required    $
☐ Adult Signature Restricted Delivery $

Postage
$ .53

Total Postage and Fees
$ 7.33

Meta Platforms, Inc. fka, Facebook, Inc.
c/o Corporation Services Company
2 Sun Court, Suite 400
Peachtree Corners, GA 30092

7020 1810 0000 0564 8497

Tiffany Wells
7446.0000

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

# EXHIBIT A-2

taylor | english    Taylor English Duma LLP 1600 Parkwood Circle, Suite 200, Atlanta, Georgia 30339
Main: 770.434.6868  Fax: 770.434.7376  taylorenglish.com

Craig K. Pendergrast
(678) 336-7245
E-mail: cpendergrast@taylorenglish.com

April 18, 2022

***Certified Mail, Return Receipt Requested,***
***No. 7017 1070 0000 7386 3095***
Alif Transport, Incorporated
1589 Rogers Lake Rd
Lithonia, GA 30058

***Certified Mail, Return Receipt Requested,***
***No. 7017 1070 0000 7386 3101***
Alif Transport, Incorporated
c/o Adnan Mohamed, Registered Agent
712 Kingsgate Ridge
Stone Mountain, GA 30088

***Certified Mail, Return Receipt Requested,***
***No. 7017 1070 0000 7386 3118***
Adnan Mohamed
712 Kingsgate Ridge
Stone Mountain, GA 30088

***Certified Mail, Return Receipt Requested,***
***No. 7019 1640 0001 2736 9017***
AM Grading & Hauling, Inc.
c/o Adnan Mohamed, Registered Agent
1589 Rogers Lake Rd
Lithonia, GA 30058

***Certified Mail, Return Receipt Requested,***
***No. 7019 1640 0001 2736 9024***
AM Grading & Hauling, Inc.
712 Kingsgate Ridge
Stone Mountain, GA 30088

Re:    60 Day Notice of Intent to Sue and Demand Letter

Dear Sirs:

Enclosed please find a copy of my letter dated March 3, 2022.  It was returned as undeliverable to the 5152 Memorial Drive, Suite 103, Stone Mountain, GA, 30083 address to which it was sent.  Please consider its enclosure with this letter to provide notice of intent to sue and demand to be effective upon Alif Transport, Incorporated and its principal Adnan Mohamed as an individual who also has legal responsibility for the circumstances addressed in that letter.  This notice and demand and the March 3, 2022 letter should also be deemed to apply to Alif Transport, Incorporated's affiliate AM Grading & Hauling, Inc. and any other entities under the control of Adnan Mohamed.

Pursuant to O.C.G.A. § 33-3-28(a)(2), within thirty (30) days of receiving this notice, you are required to disclose the name of each insurer that may have responsibility for providing insurance cover for the claims that are the subject of the March 3, 2022 letter.  Please provide

02302421-1

taylor | english

each such insurer with immediate notice of such claims, and provide me the name of each such insurer.

Please contact me immediately upon your receipt of this letter.

Sincerely,

Craig K. Pendergrast

CKP/mw
Enclosure

02302421-1



taylor | english

Taylor English Duma LLP 1600 Parkwood Circle, Suite 200, Atlanta, Georgia 30339
Main: 770.434.6868  Fax: 770.434.7376  taylorenglish.com

Craig K. Pendergrast
(678)336-7245
Email: cpendergrast@taylorenglish.com

March 3, 2022

**CERTIFIED MAIL NO.**
**70201810000005648428**
Holder Construction Company
3300 Riverwood Parkway
Suite 1200
Atlanta, GA 30339

**CERTIFIED MAIL NO.**
**70201810000005648459**
Plateau Excavation, Inc.
375 Lee Industrial Boulevard
Austell, GA 30168

**CERTIFIED MAIL NO.**
**70201810000005648466**
Daniel Bruce
7010 Atlanta Highway
Rutledge, GA 30663.

**CERTIFIED MAIL NO.**
**70201810000005648435**
Alif Transport, Incorporated
5152 Memorial Drive, Suite 103
Stone Mountain, GA, 30083

**CERTIFIED MAIL NO.**
**70201810000005648497**
Meta Platforms, Inc.
fka, Facebook, Inc.
c/o Corporation Services Company
2 Sun Court, Suite 400
Peachtree Corners, GA 30092

**CERTIFIED MAIL NO.**
**70201810000005648473**
United States Environmental Protection
Agency
Administrator
1200 Pennsylvania Avenue, N.W.
Washington, DC 20460

**CERTIFIED MAIL NO.**
**70201810000005648480**
Georgia Environmental Protection
Division
Richard E. Dunn, Director
2 Martin Luther King Jr. Drive, SE
14th Floor East Tower - Suite 1456
Atlanta, GA 30334

**CERTIFIED MAIL NO.**
**70201810000005648442**
United States Environmental Protection
Agency
Region 4 Administrator
61 Forsyth Street SW
Atlanta, GA 30303

March 3, 2022
Page 2

Re: 60 Day Notice of Intent to Sue and Demand Letter

Dear Sirs:

Craig Pendergrast of the law firm of Taylor English Duma, LLP represents Julie G. Jenkins, as Trustee of the Albert Felton Jenkins, Jr. Testamentary Trust ("Jenkins"), as the owner of a 42.59 acre property in Morgan County, Georgia with a driveway leading into the property from Davis Academy Road. Bryan Pulliam of the Law Offices of Bryan M. Pulliam, LLCrepresents James P. Gunn, the owner of an adjacent 64 acre property with an address of 1290 Chilton Woods Road in Morgan County, Georgia.

The Jenkins and Gunn properties include ponds that are fed by a stream known as Rawlings Branch, downstream and to the east of a 111.14 acre property owned by Daniel Bruce, which has a street address of 7010 Atlanta Highway in Morgan County, Georgia.

Meta Platform, Inc., formerly known as Facebook, Inc. is the developer of a large Facebook data center in Newton County, Georgia to the south of the Jenkins and Gunn properties. Holder Construction Company ("Holder") has served as the general contractor for the construction of a large Facebook data center project in the vicinity. Plateau Excavation, Inc. ("Plateau") has served as Holder's grading subcontractor for that project. Alif Transport, Inc. has served as the subcontracted hauler of excess red clay that was excavated in the course of construction of the Facebook project. In such capacity, Alif Transport has dumped and spread hundreds and perhaps in excess of one thousand dump truck loads of red clay on the Bruce property, with Mr. Bruce's permission. The dumping and spreading of that red clay on the Bruce property without adequate erosion and sedimentation controls to prevent the discharge of red clay sediments into Rawlings Branch from the Bruce property and the resulting downstream impacts to the ponds on the Jenkins and Gunn properties is the subject of this letter.

The Jenkins property includes a pond ("Jenkins Pond") approximately 3 acres in size which is fed by Rawlings Branch. Jenkins Pond is connected to a pond ("Gunn Pond") approximately 10 acres in size on the Gunn property. A causeway separates the Jenkins Pond and Gunn Pond from each other, and a pipe running through that causeway connects the waters of those ponds.

Prior to the dumping and spreading of excess red clay soil excavated from the Facebook project on the Bruce property, the waters of Jenkins and Gunn Ponds were substantially clear at most times. Beginning in or around July 2020, members of the Jenkins and Gunn families noticed that the waters of those ponds had become heavily stained/polluted with red clay color. After investigating the source of such pollution, they determined that the red clay that had been dumped and spread on the Bruce property was the source. Further investigation has resulted in the determination that the source of that red clay was the Facebook project as referenced above.

March 3, 2022
Page 3

Further investigation has also revealed that the dumping and spreading of such red clay was done without a permit under the Georgia Solid Waste Disposal Act, the Georgia Erosion and Sedimentation Act, the Georgia Water Quality Act, or the federal Clean Water Act. The dumping and spreading of such red clay, without appropriate permits and without adequate erosion and sedimentation controls to prevent the discharge of red clay sediments into Rawlings Branch and the Jenkins and Gunn ponds, constitutes a continuing violation of each of those acts. The resulting impacts on Jenkins and Gunn Ponds also constitute an unlawful and continuing nuisance and trespass under Georgia law.

The purpose of this letter is to place the addressees of this letter on notice of these circumstances, violations, and problems. What needs to be done in response to this notice?

1. Erosion and sedimentation controls must be installed on the Bruce property to prevent any further discharge of the red clay that was dumped there into Rawlings Branch. Although some erosion and sedimentation control efforts have been undertaken at the Bruce property in the form of rolls of hay and more recently some silt fencing, they are inadequate, and red clay continues to be discharged from the Bruce property into Rawlings Branch and then into the Jenkins and Gunn ponds following rain events. We must insist that Meta Platforms, Holder Construction, Plateau Excavation, Alif Transport, and Mr. Bruce coordinate as necessary to cause adequate erosion and sedimentation controls to be installed at the Bruce property no later than thirty (30) days from the date of this letter so as to prevent any further red clay-impacted discharges into Rawlings Branch and the Jenkins and Gunn Ponds. Those controls should likely include but not be limited to one or more sediment traps and ponds.

2. Once the dumped clay areas on the Bruce property are fully-stabilized so that no muddy water is discharged into Rawlings Branch, it will also likely be necessary to convert a sediment pond to a permanent storm water detention pond to avoid excessive flows of storm water into Rawlings Branch. The relatively-impervious clay that has been dumped and spread on the Bruce property appears to have increased the rate and volume of storm water that discharges from it into Rawlings Branch and then to Jenkins and Gunn Ponds. Such an increase in storm water runoff rate and volume is harmful to Jenkins and Gunn Ponds and actionable under Georgia law.

3. Rawlings Branch, Jenkins Pond, and Gunn Pond need to be restored to their condition prior to their pollution that resulted from the dumping and spreading of the red clay from the Facebook project on the Bruce property.

4. Third, the Jenkins and Gunn families need to be compensated for the damage to their properties that has resulted from this very troubling situation. That compensation will need to cover their actual and general damages as provided by Georgia law for the trespass and nuisance in question. That compensation will also need to include reasonable attorney's fees and punitive damages as a result of the aggravating

March 3, 2022
Page 4

circumstances that relate to the improper dumping of red clay from the Facebook project onto the Bruce property and the resulting impacts on Rawlings Branch and Jenkins and Gunn Ponds.

This letter should also be deemed to serve as a notice of intent to sue under the federal Clean Water Act.  Under applicable law, should the violation of the Clean Water Act arising from the dumping of red clay onto the Bruce property and the resulting discharges and deposit of red clay sediment into Rawlings Branch and Jenkins and Gunn Ponds not be fully abated within sixty (60) days of this letter, then the right to file a citizen's suit under the Clean Water Act will accrue as provided at 33 U.S.C § 1365.  In an action under the citizen's suit provisions of the Clean Water Act, exposure to imposition of significant civil and potential criminal penalties will exist on the part of the defendants, together with other appropriate relief.   Those penalties are calculated on a daily basis.  Therefore, it is in your best interest to quickly bring the ongoing Clean Water Act violations to an end.

Please respond to us within the next thirty (30) days to discuss these matters further.

Sincerely,

*Craig K. Pendergrast*

Craig K. Pendergrast
Taylor English Duma, LLP
Attorneys for Julie G. Jenkins


Bryan Pulliam
Law Offices of Bryan M. Pulliam, LLC
Attorney for James P. Gunn





# EXHIBIT B



## MORGAN COUNTY PLANNING AND DEVELOPMENT

150 East Washington Street, Suite 200
P.O. Box 1357
Madison, Georgia 30650
(706)342-4373 Office · (706)343-6455 Fax

April 30, 2020

Alif Transport
Attention: Tom Healy
5052 Memorial Drive, Suite 103
Stone Mountain, Georgia 30083

Re: Transfer of dirt to the Bruce Farm for agricultural fill

Mr. Healy,

Per our conversation this morning, it was my understanding that you have a contract to haul and spread topsoil at the Bruce Farm in Rutledge, Georgia. My understanding is that you will haul the dirt from the Facebook Project down Highway 278 to the Bruce Farm and then spread said dirt in two areas on the farm. This dirt would be used to fill in low areas and depressions of the current hay fields to increase the useable area of the fields and to improve the efficiency of hay production.

Morgan County does not have an issue with this type of agricultural project, so long as agricultural best management practices are followed until full stabilization is established. There is a pond on the property, so best management practices will need to be followed if the soil disturbance is with 200 feet of this water source.

Morgan County will monitor the activity for these practices and tracking of soil and mud onto Highway 278. You will be required to keep tracking of soil and mud off Highway 278. A construction exit and possible wash station may need to be installed to clean truck tires prior to entering the roadway.

Should you have any questions or need additional information, please do not hesitate to call.

Best regards,

Chuck Jarrell
Director, Morgan County Planning & Development

# EXHIBIT C-1



# EXHIBIT C-2



# EXHIBIT C-3



# EXHIBIT C-4



# EXHIBIT C-5



# EXHIBIT D-1



# EXHIBIT D-2

