IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| JULIE G JENKINS, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | 3:22-CV-72 (CAR) |
| v. | : | |
| | : | |
| META PLATFORMS INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER ON DEFENDANTS' MOTION TO SET ASIDE DEFAULT

Currently before the Court is Defendants Alif Transport Inc. ("ATI"), AM Grading and Hauling Inc. ("AM"), and Adan Mohamed's ("Mohamed") (collectively "Moving Defendants")[1] Motion to Set Aside Default [Doc. 29]. Having considered the record, the parties' briefs, and applicable law, the Court **GRANTS** Defendants' Motion.

### BACKGROUND

Plaintiffs Julie Jenkins and James Gunn (collectively "Plaintiffs") filed this action on July 7, 2022.[2] On July 11, 2022, Plaintiffs' process server Randall George served the Moving Defendants with the summons and Complaint.[3] Plaintiffs provided a video recording of the service to the Court.[4] Despite being served, the Moving Defendants

---

[1] Plaintiffs also sued Meta Platforms, Inc., Holder Construction Company, Plateau Excavation, Inc., and Daniel Bruce—all of which timely filed a responsive pleading.
[2] Plaintiffs' Complaint, [Doc. 1].
[3] Plaintiffs' Response to Defendants' Motion to Set Aside Entry of Default, [Doc. 38].
[4] Plaintiffs' Notice of Manual Filing, [Doc. 44].

1

failed to file a responsive pleading within twenty-one days as required by Federal Rule of Civil Procedure 12. On September 23, 2022, Plaintiffs applied for an entry of default against the Moving Defendants.[5] The Clerk entered its entry of default a week later.[6] On October 20, 2022, the Moving Defendants moved to set aside default.[7] The next day, Plaintiffs filed their Motion for Default Judgment.[8]

## DISCUSSION

Federal Rule of Civil Procedure 55 provides a two-step procedure for obtaining a default judgment. First, the Clerk must enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."[9] But a court may set aside an entry of default "for good cause shown."[10]

To determine if good cause exists to set aside the Clerk's entry of default, courts within the Eleventh Circuit have considered several factors including: whether the default was culpable or willful; whether setting it aside would prejudice the adversary; whether the defaulting party presents a meritorious defense; whether the public interest

---

[5] Plaintiffs' Applications to the Clerk for Entry of Default, [Docs. 26, 27].
[6] *See* Clerk's Entry of Default dated September 30, 2022.
[7] Moving Defendants' Motion to Set Aside Default, [Doc. 29].
[8] Plaintiffs' Motion for Default Judgment, [Doc. 31].
[9] Fed. R. Civ. P. 55(a).
[10] Fed. R. Civ. P. 55(c).

was implicated; and whether the defaulting party acted promptly to correct the default.[11] The Eleventh Circuit has emphasized that default judgments are disfavored, and there is a strong public policy in favor of determining cases on their merits.[12] Further, default judgment "is a drastic remedy which should be used only in extreme situations."[13] "Although a district court may enter default judgment against a defendant who has failed to respond to a complaint against him, default judgments should only be entered if exceptional circumstances exist that prejudice the plaintiff."[14]

Here, the Court concludes the entry of a default judgment is not warranted. In his affidavit, Mohamed states he was served during a "hectic time" when his wife was relocating to Nashville for residency, and he was caring for his children and running his business.[15] While he now acknowledges he "should have checked the envelopes," Mohamed represents he "forgot about them" and the envelopes "were left in his garage unopened until October 2022."[16] While Mohammad's conduct may have been negligent

---

[11] *Epps v. Watson*, No. 3:05-CV-068 (CDL), 2007 U.S. Dist. LEXIS 88710, at *5 (M.D. Ga. Dec. 3, 2007) (citing *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviación*, 88 F.3d 948, 950-51 (11th Cir. 1996)).
[12] *Florida Physicians Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) (citing *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1510 (11th Cir. 1984)).
[13] *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316-17 (11th Cir. 2002) (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)); *see also Varnes v. Glass Bottle Blowers Assoc.*, 684 F.2d 1365, 1369 (11th Cir. 1982) (discussing courts' preference for adjudication on the merits). *See also Epps*, 2007 U.S. Dist. LEXIS 88710, at *6 (quoting *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980)) ("any doubt as to whether a default should be granted or vacated 'should be resolved in favor of a judicial decision on the merits of a case'").
[14] *Fry v. Hillsborough Cty. Sch. Bd.*, 190 F. App'x 810, 817 (11th Cir. 2006).
[15] Affidavit of Adan Mohamed, [Doc. 29-1] at p. 17.
[16] *Id.* at p. 18.

or careless, the Moving Defendants acted quickly to remedy the default. The Clerk docketed the entry of default on September 30, 2023. The Moving Defendants retained counsel and by special appearance moved to set aside the Clerk's entry of default on October 20, 2022.[17]

Furthermore, the Court finds no prejudice to Plaintiffs in setting aside the entry of default. Discovery in this case has not yet begun,[18] and Plaintiffs have since moved to amend their Complaint.[19] As other courts within the Middle District have noted, the disadvantage of requiring Plaintiffs to prevail on the merits is not sufficient to establish prejudice.[20] Finally, the Moving Defendants raise multiple potentially meritorious defenses—many of which are identical to the defenses raised in motions filed by Defendant Bruce and now-dismissed Defendant Meta Platforms. "In evaluating the existence of a meritorious defense, likelihood of success is not the standard; rather, a defense is meritorious if it contains even a hint of suggestion which, if proven at trial, would constitute a complete defense."[21]

---

[17] Motion to Set Aside Default, [Doc. 29].
[18] *See* Order Granting Motion to Stay Discovery, [Doc. 54].
[19] *See* Motion to Amend Complaint, [Doc. 47].
[20] *Cobb v. Dawson*, No. 5:06-cv-066 (HL), 2007 U.S. Dist. LEXIS 76246, at *11 (M.D. Ga. Oct. 15, 2007); *Buonocore v. Credit One Bank, N.A.*, 2014 U.S. Dist. LEXIS 163275 at *2 (M.D. Ga. Nov. 21, 2014) ("The purpose of the entry of default is to give notice to a party that unless they engage in the litigation process, they could lose their right to do so. It is not meant, however as a tactical device to be used to avoid litigation of a claim on the merits."); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) ("[W]e must respect the usual preference that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court.").
[21] *Triest Irrigation, LLC v. Hiers*, Civil Action No. 7:18-CV-155 (HL), 2018 U.S. Dist. LEXIS 246779, at *6-7 (M.D. Ga. Dec. 20, 2018) (internal citation and quotations omitted).

The Court, however, agrees with Plaintiffs that some statements in Mohamed's affidavit are contradicted by video evidence filed with the Court.[22] But the Court finds the extraordinary remedy of a default judgment unwarranted in this case and contrary to the Eleventh Circuit's strong preference for deciding cases on the merits.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Set Aside Default [Doc. 29] is **GRANTED**. Plaintiffs' Motion for Default Judgment [Doc. 31] is **DENIED as moot**. Defendant Alif shall file its answer within seven (7) days of the date of this Order—waiving any Fed. R. Civ. P. 12(b) defenses. Defendants AM and Mohamed shall file their respective answers or motions to dismiss within seven (7) days of the date of this Order.

**SO ORDERED,** this 8th day of May, 2023.

s/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[22] Notice of Manual Filing, [Doc. 44].