IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **JULIE G JENKINS,** *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | **3:22-CV-72 (CAR)** |
| v. | : | |
| | : | |
| **META PLATFORMS INC.,** *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

### ORDER ON DEFENDANT BRUCE'S MOTION FOR JUDGMENT ON THE PLEADINGS, PLAINTIFFS' MOTION TO AMEND, AND DEFENDANT MOHAMED'S MOTION TO DISMISS

Currently before the Court are Defendant Daniel Bruce's ("Bruce") Motion for Judgment on the Pleadings,[1] Plaintiffs Julie Jenkins' and James Gunn's (collectively "Plaintiffs") Motion to Amend their Complaint, and Defendant Adan Mohamed's ("Mohamed") Motion to Dismiss. Having considered the record, the parties' briefs, and applicable law, Plaintiffs' Motion to Amend [Doc. 47] is **GRANTED in part** and **DENIED in part**, Bruce's Motion for Judgment on the Pleadings [Doc. 33] is **DENIED as moot**,[2]

---

[1] Defendants Alif Transport Incorporated, AM Grading & Hauling Inc., and Adnan Mohamed (collectively "Alif Defendants") moved to join Bruce's Motion. *See* [Doc. 60]. Plaintiffs subsequently dismissed Defendant AM Grading & Hauling Inc. *See* Notice of Voluntary Dismissal Without Prejudice, [Doc. 65].
[2] *See Renal Treatment Ctrs.-Mid-Atlantic, Inc. v. Franklin Chevrolet-Cadillac-Pontiac-GMC*, No. 6:08-CV-87, 2009 U.S. Dist. LEXIS 30975, 2009 WL 995564, at *1 (S.D. Ga. Apr. 13, 2009) (noting that a pleading superseded by an amended complaint was "entirely irrelevant," and therefore concluding that the motion to dismiss the original pleading was moot).

1

and Mohamed's Motion to Dismiss [Doc. 57] is **GRANTED**.[3]

## BACKGROUND

Plaintiffs filed this action on July 7, 2022, seeking damages and injunctive relief for alleged violations of the Clean Water Act ("CWA") and Georgia law against Meta Platforms, Inc. ("Meta"), Holder Construction Company, Plateau Excavation, Inc., the Alif Defendants, and Bruce.[4] Plaintiffs' claims arise out of an agreement between the Alif Defendants and Bruce to transport excavated red clay from the Meta project site in Newton County, Georgia to Bruce's Property in Morgan County, Georgia.[5] Plaintiffs allege the dumping occurred without the legally required permits or adequate erosion and sedimentation controls, which ultimately resulted in "red clay-impacted discharge of storm water" into Rawlings Branch, the Gunn's pond, and the Jenkins' pond.[6]

Bruce moved for judgment on the pleadings on Plaintiffs' CWA and state-law negligence and negligence *per se* claims. Shortly after, Plaintiffs moved to amend their complaint to address the deficiencies raised in Bruce's Motion. Specifically, Plaintiffs seek to add factual allegations to support their claims and to sufficiently allege a discharge from a point source and a continuing violation of the CWA.

---

[3] While Mohamed moved to dismiss Plaintiffs' operative Complaint, the parties addressed the substantively similar allegations against Mohamed in both the operative and proposed Amended Complaints in briefing Mohamed's Motion to Dismiss. The Court concludes Plaintiffs' allegations against Mohamed fail under both Complaints, and thus, Mohamed must be dismissed.
[4] Plaintiffs' Complaint, [Doc. 1].
[5] Proposed Amended Complaint, [Doc. 47-1] at ¶¶ 12-23.
[6] *Id*. at ¶¶ 19-23.

2

Bruce opposes Plaintiffs' Motion and contends it was filed with undue delay and should be denied as futile. Mohamed moved to join Bruce's Motion for Judgment on the Pleadings and moved separately to dismiss Plaintiffs' claims against him as an impermissible shotgun pleading and for failure to state a claim.

## LEGAL STANDARDS

A. Motion to Amend Standard

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend its pleading "once as a matter of course" when no responsive pleading has been served.[7] For the purposes of this rule, a motion to dismiss is not considered a responsive pleading.[8] If, however, a responsive pleading has been served and the adverse parties do not consent to the amendment, a party may amend its pleading only by leave of court.[9] In such circumstances, leave of court should be "freely give[n] when justice so requires."[10]

Substantial reasons justifying a denial of a timely filed motion for leave to amend include "undue delay, bad faith, dilatory motive on the part of the movant, [ ] undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of

---

[7] Fed. R. Civ. P. 15(a).
[8] *Fortner v. Thomas*, 983 F.2d 1024, 1032 (11th Cir. 1993); *see also Taylor v. Greene*, 374 F. App'x 949, 950 (11th Cir. 2010); *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1292 n.6 (11th Cir. 1997) ("When the plaintiff has the right to file an amended complaint as a matter of course … the plain language of Rule 15(a) shows that the [district] court lacks the discretion to reject the amended complaint based on its alleged futility.").
[9] Fed. R. Civ. P. 15(a).
[10] *Id.*; *Nat'l Indep. Theatre Exhibitors, Inc. v. Charter Fin. Grp., Inc.*, 747 F.2d 1396, 1404 (11th Cir. 1984).

allowance of the amendment."[11] The standard for futility is akin to a motion to dismiss. A proposed amendment may be denied for futility "when the complaint as amended would still be properly dismissed."[12] Thus, the Court must construe the proposed amended complaint in the light most favorable to the plaintiff and accept as true all well-pled facts in a plaintiff's complaint.[13] The decision whether to grant leave to amend a complaint is within the sound discretion of the district court,[14] and "[o]rdinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint."[15]

B. Motion to Dismiss Standard

On a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pled facts in a plaintiff's complaint.[16] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[17] A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18] The plausibility standard requires that a plaintiff allege sufficient

---

[11] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[12] *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) (citing *Cockrell*, 510 F.3d at 1310).
[13] *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).
[14] *Nat'l Serv. Indus., Inc. v. Vafla Corp.*, 694 F.2d 246, 249 (11th Cir. 1982).
[15] *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005).
[16] *Sinaltrainal*. 578 F.3d at 1260.
[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[18] *Id*.

4

facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[19]

## DISCUSSION

**A. Plaintiffs' Motion to Amend**

Bruce contends Plaintiffs' Motion to Amend was filed with undue delay and should be denied as futile.[20] Plaintiffs argue the Motion was timely filed, and the proposed Amended Complaint addresses the deficiencies raised in Bruce's Motion for Judgment on the Pleadings.[21]

    I.    <u>Undue Delay</u>

Bruce contends Plaintiffs' Motion was filed with undue delay because "Plaintiffs have known of the legal deficiencies in their Complaint since at least August 12, 2022, when then-defendant Meta Platforms, Inc. filed a Motion to Dismiss."[22] The Court disagrees. "Although [l]eave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment."[23] But the Eleventh Circuit has noted "generally, the mere passage of time, without more, is an insufficient reason to

---

[19] *Twombly*, 550 U.S. 544, 556 (2007).
[20] Bruce's Response, [Doc. 52].
[21] Plaintiffs' Reply, [Doc. 53].
[22] Bruce's Response, [Doc. 52] at p. 3.
[23] *Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ. Ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1287 (11th Cir. 2003).

5

deny leave to amend a complaint."[24]

While Bruce and Meta raised similar arguments in their respective motions, Meta's Motion became moot when the Court granted the parties' consent motion to drop Meta as a party to this lawsuit.[25] Furthermore, discovery in this case has not yet begun, and this is the first time Plaintiffs moved to amend their Complaint. Plaintiffs sought leave to amend to address the deficiencies raised in Bruce's Motion and did so in a timely manner. Thus, the Court finds no undue delay in the filing of Plaintiffs' Motion.

II.     Clean Water Act Claim

Bruce contends Plaintiffs' Motion should be denied as futile because the proposed Amended Complaint fails to sufficiently allege an ongoing violation or a discharge from a point source.[26] Specifically, Bruce argues the alleged discharges are exempt from the CWA's definition of point source as agricultural stormwater discharge.[27] Plaintiffs counter their proposed Amended Complaint sufficiently alleges an ongoing violation and a discharge from a point source because the CWA's agricultural stormwater discharge exemption does not apply.[28] For the purposes of this Motion, the Court agrees.

---

[24] *In re Engle Cases*, 767 F.3d 1082, 1109 (citing *Hester v. Int'l Union of Operating Eng'rs*, 941 F.2d 1574, 1578-79 (11th Cir. 1991)); *see also Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) ("unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.").
[25] Court's Order Granting Consent Motion to Drop Defendant Meta Platforms, Inc., [Doc. 25].
[26] Bruce's Response, [Doc. 52].
[27] *Id*.
[28] Plaintiffs' Reply, [Doc. 53].

6

*1. Ongoing Violation*

The CWA confers jurisdiction over citizen suits "for ongoing or continuous violations, not for those that are wholly in the past."[29] Thus, for jurisdictional purposes, the plaintiff must allege "a state of either continuous or intermittent violation—that is, a reasonable likelihood that a past polluter will continue to pollute in the future."[30] "To establish a CWA violation, the plaintiffs must prove that (1) there has been a discharge; (2) of a pollutant; (3) into waters of the United States; (4) from a point source; (5) without a NPDES permit."[31]

Plaintiffs sufficiently allege an ongoing violation. Plaintiffs allege the "pollution of Rawlings Branch, Jenkins Pond, and Gunn Pond consisting of discharges of red clay polluted storm water into Rawlings Branch from point source ditches, channels, and other conveyances on and downgradient from the Bruce property, which resulted from the dumping of red clay waste on the Bruce property, served to pollute its waters during and following storm events, and was continuing as of the July 7, 2022 filing of the original Complaint."[32] As this Court held in *Flint Riverkeeper*, "a good-faith allegation of violations that continued at the time suit was filed is sufficient for jurisdictional purposes."[33] Here,

---

[29] *Parker v. Scrap Metal Processors, Inc.*, 386 F.3d 993, 1009 (11th Cir. 2004) (citing *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc.*, 484 U.S. 49, 56-63 (1987)). *See also Gwaltney*, 484 U.S. at 64-65 (explaining requirement of ongoing violation is jurisdictional).
[30] *Gwaltney*, 484 U.S. at 57.
[31] *Parker*, 386 F.3d at 1008.
[32] Proposed Amended Complaint, [Doc. 47-1] at ¶ 26.
[33] *Flint Riverkeeper, Inc. v. S. Mills, Inc.*, 276 F. Supp. 3d 1359, 1364-65 (M.D. Ga. 2017) (CAR); *see also Atlantic States Legal Found., Inc., v. Tyson Foods, Inc.*, 897 F.2d 1128, 1133 (11th Cir. 1990) (citing *Gwaltney*, 484 U.S. at

7

Plaintiffs' allegations satisfy this "low standard."[34]

   2. *Point Source*

Bruce next contends that the alleged discharges fall under the CWA's agricultural stormwater discharge exception and are thus, not discharges from a point source.[35] Plaintiffs argue the agricultural stormwater discharge exception does not apply, and the proposed Amended Complaint sufficiently alleges a discharge from a point source. Based on Plaintiffs' allegations, the Court cannot find as a matter of law at this stage of the proceedings that the agricultural stormwater discharge exception applies or that Plaintiffs failed to sufficiently allege a discharge from a point source.

A point source is "any discernable, confined, and discrete conveyance, including but not limited to any pipe, ditch, channel, tunnel, conduit, well, discrete fissure, [or] container . . . from which pollutants are or may be discharged."[36] But the term "point source" does not include "agricultural stormwater discharges and return flows from irrigated agriculture."[37] A nonpoint source, in contrast, refers to pollution arising "from

---

64) ("The Supreme Court stressed that citizen-plaintiffs need not prove their allegations of ongoing noncompliance before jurisdiction attaches under section 505. Instead, a good faith allegation of violations that continued at the time suit was filed is sufficient for jurisdictional purposes.")
[34] *City of Mountain Park, GA v. Lakeside at Ansley*, LLC, 560 F. Supp. 2d 1288, 1297 (N.D. Ga. 2008).
[35] Bruce's Response, [Doc. 52] at p. 5.
[36] 33 U.S.C. § 1362(14). *See* also *Parker*, 386 F.3d at 1009 (holding pile of industrial debris and construction equipment are point sources); *Driscoll v. Adams*, 181 F.3d 1285, 1291 (11th Cir. 1999) (holding culverts, dams, and pipes used to channel storm water runoff are point sources).
[37] *Id*.

many dispersed activities over large areas" that is "not traceable to any single discrete source."[38] In the Eleventh Circuit, courts "interpret the term 'point source' broadly."[39]

Bruce asks the Court to take judicial notice of tax records identifying approximately ninety-three acres of Bruce's property as "Agland 93" and conclude the agricultural stormwater discharge exception applies.[40] The Court declines to do so. "A district court may take judicial notice of an adjudicative fact that is both 'not subject to reasonable dispute' and either (1) 'generally known within the trial court's territorial jurisdiction' or (2) 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'"[41] "A court may take judicial notice of appropriate adjudicative facts at any stage in a proceeding."[42] While courts enjoy wide discretion to take judicial notice of facts, the "taking of judicial notice of facts is, as a matter of evidence law, a highly limited process."[43] "The reason for this caution is that the taking of judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court."[44]

The tax records cited by Bruce alone are insufficient to establish that the

---

[38] *Ecological Rights Found. v. Pacific Gas and Elec. Co.*, 713 F.3d 502, 508 (9th Cir. 2013) (explaining "[t]he most common example of nonpoint source pollution is the residue left on roadways by automobiles").
[39] *Parker*, 386 F.3d at 1009 (citing *Dague v. City of Burlington*, 935 F.2d 1343, 1354-55 (2d Cir. 1991)) (explaining "[t]he concept of a point source was designed to further [the CWA's] scheme by embracing the broadest possible definition of any identifiable conveyance from which pollutants might enter waters of the United States").
[40] Bruce's Motion, [Doc. 33-1] at p. 3.; Exhibit 1 – Tax Assessor Information, [Doc. 33-2].
[41] *Grayson v. Warden*, 869 F.3d 1204, 1224-1225 (citing Fed. R. Evid. 201(b)).
[42] *Dippin' Dots, Inc. v. Frosty Bites Distrib., LLC*, 369 F.3d 1197, 1204-1205 (citing Fed. R. Evid. 201(f)).
[43] *Id.* (citing *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997)).
[44] *Id.*

9

agricultural stormwater discharge exception applies. Bruce cites to *Lois Alt v. U.S. E.P.A.* in support of his assertion that "[t]he only requirement is that the exempt discharges must be agriculture related."[45] The Court is unconvinced. Courts applying the agricultural stormwater discharge exception rely on factually developed records to determine the contours and application of the exemption on a case-by-case basis.[46] While the CWA excludes "agricultural stormwater discharges and return flows from irrigation agriculture" from the definition of a point source,[47] the exclusion is not without limitations—including discharges triggered by negligence or malfeasance.[48]

Here, Plaintiffs' proposed Amended Complaint alleges a sufficient factual basis—accepted as true—to demonstrate negligence or malfeasance and call into question whether the agricultural stormwater discharge exception applies. Plaintiffs allege "Alif hauled and dumped thousands of dump truck loads of red clay waste on the Bruce property that Plateau had excavated and stockpiled at the Facebook project, with Mr. Bruce's permission."[49] The red clay was spread, graded, and compacted on Bruce's property—raising the elevation of a substantial area of the Bruce property by

---

[45] *Lois Alt v. United States EPA*, 979 F. Supp. 2d 701 (N.D.W. Va. 2013).
[46] *See Fishermen Against the Destruction of the Env't v. Closter Farms*, 300 F.3d 1294 (11th Cir. 2002); *Concerned Area Residents for the Env't v. Southview Farm*, 34 F.3d 114 (2d Cir. 1994); *Lois Alt*, 979 F. Supp. 2d 701.
[47] *See* 33 U.S.C. § 1362(14); *see also Closter Farms*, 300 F.3d 1294, 1297 (citing 33 U.S.C. §§ 1311, 1342) ("Because these water discharges are not considered to be point sources, there is no requirement that a property owner discharging these waters have an NPDES permit.").
[48] *Waterkeeper All., Inc. v. United States EPA*, 399 F.3d 486 (2d Cir. 2005) ("when Congress added the agricultural stormwater exemption to the Clean Water Act, it was affirming the impropriety of imposing, on 'any person,' liability for agriculture-related discharges triggered not by negligence or malfeasance, but by the weather - even when those discharges came from what would otherwise be point sources.").
[49] Proposed Amended Complaint, [Doc. 47-1] at ¶ 19.

10

approximately eight feet.[50] Plaintiffs contend the "primary purpose of Plateau and Alif was to dispose of the red clay waste from the Facebook project on the Bruce property as cheaply as possible,"[51] and the red clay "had minimal or no bona-fide agricultural value for the purpose of growing crops and such dumping, grading, and compaction did not constitute normal farming activities."[52] Thereafter, the deposited red clay resulted in the "pollution of Rawlings Branch, Jenkins Pond, and Gunn Pond consisting of discharges of red clay polluted storm water into Rawlings Branch from point source ditches, channels, and other conveyances on and downgradient from the Bruce property."[53]

In support of their allegations, Plaintiffs state that much of the area where the red clay was dumped, graded, and compacted had been unable to support a healthy stand of hay.[54] Additionally, Plaintiffs allege the Alif Defendants misled regulatory authorities in an attempt to fraudulently avoid permitting requirements.[55] Plaintiffs cite to Morgan County Planning and Development Department Director Chuck Jarrell's letter which confirmed his understanding that Alif "[would] haul the dirt from the Facebook Project down Highway 278 to the Bruce Farm and then spread said dirt in two areas on the farm. This dirt would be used to fill in low areas and depressions of the current hay fields to

---

[50] *Id.*
[51] *Id.*
[52] *Id.* at ¶ 20.
[53] *Id.* at ¶ 26.
[54] *Id.* at ¶ 20.
[55] *Id.* at ¶ 23.

increase the useable area of the fields and to improve the efficiency of hay production."[56]

While the evidence may eventually show otherwise, at this stage—without the benefit of a factually developed record and accepting Plaintiffs' well-pled allegations as true—the Court cannot conclusively determine the alleged discharges fall under the agricultural stormwater discharge exemption or fail to satisfy the CWA's point source requirement.[57] Plaintiffs allege the discharges enter the Rawlings Branch stream[58] "from point source ditches, channels, and other conveyances on and downgradient of the Bruce property."[59] A point source "need not be the original source of [a] pollutant; it need only convey the pollutant to navigable waters."[60] Thus, Plaintiffs' CWA claim is not futile.

### III. Negligence and Negligence *Per Se* Claims

Plaintiffs assert state-law negligence and negligence *per se* claims based on Defendants' alleged violations of the CWA, Georgia Erosion and Sedimentation Act ("GESA"), Georgia Water Quality Control Act ("GWQCA"), Georgia Solid Waste

---

[56] Morgan County Planning and Development Letter to Alif Transport on April 30, 2020, [Doc. 47-1] at p. 45.
[57] *See Environmental Defense Fund v. Tidwell*, 837 F. Supp. 1344, 1350-52 (E.D.N.C. 1992); *Ward v. Stucke*, 395 F. Supp. 3d 940, 952 (S.D. Ohio 2019).
[58] Plaintiffs allege "Rawlings Branch is a perennial stream which is a tributary of Big Indian Creek which is a tributary of the Oconee River and is therefore a tributary to the navigable waters of the United States and is subject to protection under the federal Clean Water Act." Proposed Amended Complaint, [Doc. 47-1] at ¶ 13.
[59] Proposed Amended Complaint, [Doc. 47-1] at ¶ 22.
[60] *South Fla. Water Management Dist. v. Miccosukee Tribe of Indians*, 541 U.S. 95, 105 (2004) (internal quotations omitted). *See also* 33 U.S.C. § 1362(14); *Concerned Area Residents for Env't v. Southview Farm*, 34 F.3d 114, 119 (2d Cir. 1994) (holding ditch or depression in the swale of a field "collected and channelized" pollutants and thus was a point source).

Management Act ("GSWMA"), and each act's corresponding regulations.[61] Under Georgia law, a negligence claim requires "four elements: a duty, a breach of that duty, causation and damages."[62] "Georgia law also recognizes a concept known as 'negligence *per se*.' Simply put, if a statute establishes a duty, 'violating that statute may result in a breach of the duty, constituting negligence *per se*.'"[63] "The statute or regulation relied upon by a plaintiff to establish the legal duty must contain 'some ascertainable standard of conduct.'"[64]

Bruce contends the factual allegations in Count Two of the proposed Amended Complaint fail to satisfy the pleading standards of Fed. R. Civ. P. 8.[65] The Court agrees. Federal Rule of Civil Procedure 8 requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," with each allegation framed in "simple, concise, and direct" terms.[66] To the extent possible, each claim should be presented in a separate paragraph and limited to "a single set of circumstances."[67]

---

[61] Proposed Amended Complaint, [Doc. 47-1] at ¶¶ 40-49.
[62] *Goldstein, Garber & Salama, LLC v. J.B.*, 300 Ga. 840, 841 (2017) (quotation omitted).
[63] *Smith v. United States*, 14 F.4th 1228, 1233 (11th Cir. 2021) (citing *Nash v. Reed*, 349 Ga. App. 381 (Ga. App. 2019); *Goldstein*, 300 Ga. at 845 (explaining that "negligence *per se* arises when a statute is violated" along with certain other conditions).
[64] *Johnson v. 3m*, 563 F. Supp. 3d 1253, 1330 (N.D. Ga. 2021) (citing *Wells Fargo Bank, N.A. v. Jenkins*, 293 Ga. 162 (Ga. 2013); *Cent. Anesthesia Associates, P.C. v. Worthy*, 333 S.E.2d at 833 (stating that a statute may create a duty recognized by law requiring the actor to conform to a certain standard of conduct for the protection of others against unreasonable risks, the breach of which constitutes negligence); *Bellsouth Telecommunications, LLC v. Cobb Cty.*, 342 Ga. App. 323, (Ga. App. 2017), rev'd in part on other grounds, 305 Ga. 144 (2019) ("[T]he alleged duty arising from the other statute must be mandatory and imposed expressly by the statute at issue with specificity.").
[65] Bruce's Motion for Judgment on the Pleadings, [Doc. 33-1] at FN 10; Bruce's Response, [Doc. 52] at p. 6.
[66] Fed. R. Civ. P. 8(a)(2), (d)(1).
[67] Fed. R. Civ. P. 10(b).

Here, Count Two constitutes an impermissible shotgun pleading. Shotgun pleadings are "cumbersome, confusing complaints that do not comply with" Federal Rule of Civil Procedure 8.[68] The Eleventh Circuit identified four basic types of shotgun pleadings: "(1) those in which 'each count adopts the allegations of all preceding counts;' (2) those that do not re-allege all preceding counts but are 'replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;' (3) those that do not separate each cause of action or claim for relief into a different count; and (4) those that assert multiple claims against multiple defendants without specifying which applies to which."[69] "The unifying characteristic of all types of shotgun pleadings is that they fail to . . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."[70] As a result, "[c]ourts in the Eleventh Circuit have little tolerance for shotgun pleadings" as they "waste scarce judicial resources, 'inexorably broaden[ ] the scope of discovery,' 'wreak havoc on appellate court dockets,' and 'undermine[ ] the public's respect for the courts.'"[71]

Count Two contains various elements of a shotgun pleading. First, it adopts every allegation of the preceding thirty-nine paragraphs.[72] Second, Plaintiffs assert negligence and negligence *per se* claims against "Defendants" while failing to identify any specific

---

[68] *Yeyille v. Miami Dade Cty. Pub. Sch.*, 643 F. App'x 882, 884 (11th Cir. 2016) (citing *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 nn.11-15 (11th Cir. 2015)).
[69] *Id*.
[70] *Id*.
[71] *Vibe Micro, Inc, v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (citations omitted).
[72] Proposed Amended Complaint, [Doc. 47-1] at ¶ 39.

14

duty, statute, or regulation and the specific circumstances under which each defendant allegedly violated it.[73] Instead, Plaintiffs allege "Defendants" violated the CWA, GESA, GWQA, GSWMA, and the various acts' corresponding regulations.[74] From the facts alleged, the Court cannot ascertain which of the four acts' numerous provisions and corresponding regulations Plaintiffs contend each defendant violated or the particular conduct of each defendant supporting the alleged violations.[75] Thus, the Court and the Defendants are effectively left to guess the specific statutory or regulatory duties Plaintiffs claim each Defendant violated. By failing to separate their claims, asserting claims against a collective group of "Defendants," and failing to cite a single statue or regulation with particularity, Plaintiffs failed to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.[76] Therefore, Count Two constitutes an impermissible shotgun pleading, and leave to amend must be denied

---

[73] *Id*. at ¶¶ 39-49.

[74] *Id*.

[75] The Court notes the four acts cited by Plaintiffs are vast, filled with numerous provisions, directives, and exemptions, and a corresponding network of regulations, yet no violation of any specific provision or regulation was alleged. Furthermore, the specific conduct of each individual defendant forming the basis of the alleged violations remains unclear.

[76] *See Navelski v. Int'l Paper Co.*, No. 3:14-cv-445/MCR/CJK, 2017 U.S. Dist. LEXIS 236612, at *8 (N.D. Fla. Feb. 16, 2018) ("Federal district courts have repeatedly found Rule 8(a)(2) to require that plaintiffs allege either: (1) the specific statute, regulation, or ordinance that the defendant allegedly violated; or (2) particular facts that make clear what statute, regulation, or ordinance is alleged to have been violated."). *See Kowalsky v. Deutsche Bank Nat'l Tr. Co.*, No. 2:14-cv-7856, 2015 U.S. Dist. LEXIS 133284, 2015 WL 5770523, at *7-8 (D.N.J. Sep. 30, 2015); *see also Francois v. Diamond Offshore Company*, No. 2:11-cv-02956, 2013 U.S. Dist. LEXIS 20305, 2013 WL 12230925 (E.D. La. March 4, 2013) (rejecting Plaintiffs' proposed jury instruction on negligence per se because complaint did not allege a statutory or regulatory violation, as required by federal notice pleading standards); *Welch v. Loftus*, 776 F. Supp. 2d 222, 225-26 (S.D. Miss. 2011) ("So long as the Complaint alleges particular conduct that clearly violates a statute or regulation, it pleads negligence per se with sufficient particularity.").

without prejudice.[77] Plaintiffs' are granted leave to file an Amended Complaint within twenty-one (21) days from the date of this order correcting the deficiencies identified in Count Two. Failure to correct the deficiencies outlined in this order will result in the dismissal of Plaintiffs' claims with prejudice.[78]

### B. Mohamed's Motion to Dismiss

Plaintiffs assert a CWA claim and state law claims for negligence, negligence *per se*, trespass, and nuisance against Mohamed. Mohamed contends Plaintiffs' claims fail to state a claim. Plaintiffs counter that "[t]he allegations against Mohamed are straightforward: he made false or misleading representations to a governmental authority regarding the dumping and grading of red clay waste (which he claimed to be agriculturally valuable 'top soil') on the Bruce property in order to attempt to avoid permitting requirements, and he was aware of, directed, and/or approved this activity on the Bruce property without the use of adequate erosion and sedimentation controls to prevent water quality impacts to Rawlings Branch."[79] Plaintiffs contend these allegations are sufficient to establish liability under the CWA and state law. The Court disagrees.

Courts may dismiss a complaint if it does not plead "enough facts to state a claim to relief that is plausible on its face."[80] A complaint "requires more than labels and

---

[77] *Moore v. Jasper City Bd. of Educ.*, No. 22-13943, 2023 U.S. App. LEXIS 13269, at *5-6 (11th Cir. May 30, 2023) ("A district court must give a plaintiff[s] one opportunity to remedy [their] shotgun pleading before dismissing [their] action."); *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018).
[78] *Id*. (citing *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358-59 (11th Cir. 2018)).
[79] Plaintiffs' Response to Mohamed's Motion to Dismiss, [Doc. 64] at p. 2.
[80] *Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1199 (11th Cir. 2012) (per curiam).

conclusions, and a formulaic recitation of the elements of a cause of action will not do."[81] Although factual allegations in a complaint need not be detailed, those allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[82] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[83] "The mere possibility that the defendant might have acted unlawfully is not sufficient to allow a claim to survive a motion to dismiss."[84]

Plaintiffs attempt to implicate Mohamed personally, as the owner and operator of Alif, under an aiding and abetting theory of liability.[85] The Court is unconvinced.[86] Here, Plaintiffs allege Mohamed "was aware of, directed, and/or approved" the dumping, grading, and compacting of the red clay "without a permit and without adequate erosion and sedimentation controls."[87] But Plaintiffs offer no factual support for their conclusory allegation. Nor do they allege Mohamed either personally participated in the dumping,

---

[81] *Twombly*, 550 U.S. 544, 555.
[82] *Id.* (citations and footnote omitted).
[83] *Iqbal*, 556 U.S. at 678.
[84] *Wallace v. Wells Fargo Bank, N.A.*, No. 1:15-CV-1418-WSD-WEJ, 2015 U.S. Dist. LEXIS 175465, at *2-3 (N.D. Ga. Aug. 20, 2015) (citing *Iqbal*, 556 U.S. at 678).
[85] Plaintiffs cite to *O'Neil v. Q.L.C.R.I., Inc.*, 750 F. Supp. 551, 555 (D.R.I. 1990) where the district court found the "[p]laintiff has alleged sufficient involvement and possible control on the part of [the defendant] to present a viable claim of aiding and abetting," and *Meyn Am., LLC v. Tarheel Distribs.*, 36 F. Supp. 3d 1395 (M.D. Ga. 2014).
[86] The Court found no case law within Eleventh Circuit which adopted an aiding and abetting theory of liability in a CWA case.
[87] Proposed Amended Complaint, [Doc. 47-1] at ¶ 21.

17

grading, or compacting of the red clay or violated an effluent standard, limitation, or order under the CWA. Furthermore, Plaintiffs' argument that "[Mohamed] made false or misleading representations to a governmental authority […] to avoid permitting requirements"[88] misrepresents the allegations in the proposed Amended Complaint. Plaintiffs allege "a representative of Alif misrepresented" the material to be dumped on the Bruce property "would consist of top soil for agricultural purposes,"[89] but do not identify the representative who made the alleged misrepresentation as Mohamed.[90] These scant allegations are insufficient to state a viable claim against Mohamed.

Under Georgia law, "[w]hile a corporate officer is not personally liable for a corporation's acts solely because he serves in that capacity, personal participation in a corporation's wrongful activities subjects both the officer and the corporation to liability."[91] But here, unlike in *O'Neil*, Plaintiffs failed to sufficiently allege personal involvement.[92] Thus, no plausible grounds exist to impute liability from Alif to Mohamed.

Furthermore, Plaintiffs failed to competently allege Mohamed violated any statute

---

[88] Plaintiffs' Response to Mohamed's Motion to Dismiss, [Doc. 64] at p. 2.
[89] Proposed Amended Complaint, [Doc. 47-1] at ¶ 23.
[90] *Compare* Plaintiffs' Response to Mohamed's Motion to Dismiss, [Doc. 64] at p. 2 with Proposed Amended Complaint, [Doc. 47-1] at ¶ 23. The Court notes Plaintiffs submitted substantively identical letters Dated April 30, 2020 from Chuck Jarrell. One was addressed to "Alif Transport Attention: Adnan Mohamed," [Doc. 47-1] at p. 45 and the other was addressed to "Alif Transport Attention: Tom Healy" [Doc. 1] at p. 43.
[91] *Meyn*, 36 F. Supp. 3d at 1403-04 (citing *Ga. Cash Am., Inc. v. Greene*, 318 Ga. App. 355, 367-68 (2012)).
[92] *Costrast O'Neil*, 750 F. Supp. 551 with *Borough of Upper Saddle River v. Vill. of Airmont*, 2007 U.S. Dist. LEXIS 117383, at *23 (S.D.N.Y. Sep. 6, 2007) ("Plaintiffs have failed to allege the type of involvement and control that would give rise to aider and abettor liability.").

or duty under the CWA or Georgia law.[93] Thus, Plaintiffs' negligence and negligence *per se* claims fail as a matter of law and must be dismissed. Count Three fairs no better as it offers no additional allegations to state a plausible claim against Mohamed for trespass and nuisance. Therefore, Plaintiffs' allegations are wholly insufficient to allow the Court "to draw the reasonable inference that the [Mohamed] is liable for the misconduct alleged"[94] and must be dismissed. Mohamed's Motion [Doc. 57] is **GRANTED.**

## CONCLUSION

As set forth above, Plaintiffs' Motion to Amend [Doc. 47] is **GRANTED in part** and **DENIED in part without prejudice**. Plaintiffs' CWA claims in the Amended Complaint will go forward. Because the Court is required to give Plaintiffs an opportunity to cure deficiencies identified in a shotgun pleading before dismissing the claims with prejudice, Plaintiffs are granted leave to amend Count Two.[95] Plaintiffs must file any Second Amended Complaint within twenty-one (21) days of the date of this order, and it must be filed as a separate entry on the docket. Thereafter, the Second Amended Complaint will supersede the original complaint.[96] Any Second Amended

---

[93] *Smith*, 14 F.4th 1228, 1233 (citing *Nash*, 349 Ga. App. 381); *Goldstein*, 300 Ga. 840, 841, 845.
[94] *Iqbal*, 556 U.S. 662, 678-679 ("where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'—'that the pleader is entitled to relief.'").
[95] Plaintiffs' leave to amend is restricted to Count Two. All other allegations in Plaintiffs' proposed Second Amended Complaint shall remain the same.
[96] *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219-20 (11th Cir. 2007) (unless an amendment specifically refers to or adopts the earlier pleading, an amended complaint supersedes and replaces the original complaint).

Complaint must correct the deficiencies identified in Count Two, or Plaintiffs' claims will be dismissed with prejudice.

Bruce's Motion for Judgment on the Pleadings [Doc. 36] and the Alif Defendants' Motion [Doc. 60] are **DENIED as MOOT.** Mohamed's Motion to Dismiss [Doc. 57] is **GRANTED**, and Plaintiffs' claims against Mohamed are **DISMISSED with prejudice**. The stay of discovery in this case is **LIFTED**.

**SO ORDERED,** this 30th day of June, 2023.

s/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT
