IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| JULIE G. JENKINS and | : | |
| JAMES P. GUNN, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | 3:22-CV-72 (CAR) |
| v. | : | |
| | : | |
| PLATEAU EXCAVATION, INC., | : | |
| ALIF TRANSPORT, INC., and | : | |
| DANIEL BRUCE, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER ON DEFENDANT ALIF TRANSPORT INC.'S MOTION TO EXCLUDE EXPERT AND DEFENDANTS' JOINT MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY

Plaintiffs Julie Jenkins and James Gunn filed this suit seeking damages pursuant to the Clean Water Act, 33 U.S.C. § 1365, and Georgia tort law for erosion and sedimentation on their properties allegedly caused by Defendants' actions. Currently before the Court is Defendant Alif Transport, Inc.'s Motion to Exclude Expert Brian Wellington and Defendants' Daniel Bruce, Plateau Excavation, Inc., and Alif Transport, Inc.'s Joint Motion for Extension of Time to Complete Discovery. The Court **HEREBY DENIES** Defendant Alif Transport's Motion to Exclude Expert [Doc. 83] and **GRANTS** Defendants' Joint Motion for Extension of Time [Doc. 85].

## I.    Motion to Exclude Expert Brian Wellington

Defendant Alif Transport moves to exclude Plaintiffs' expert Dr. Brian Wellington due to Alif's alleged confidential relationship with Dr. Wellington. Before Plaintiffs retained Dr. Wellington, Alif's defense counsel, Andrea Pawlak, had discussions with Dr. Wellington about serving as Alif's expert. Moreover, attorney Pawlak asserts that she has known and worked with Dr. Wellington for at least fourteen years.[1] But Pawlak's broad discussions related to this case and working relationship on other cases with Dr. Wellington are insufficient to warrant Dr. Wellington's exclusion as Plaintiffs' expert.

Attorney Pawlak states that she emailed Dr. Wellington initially about this case on November 9, 2022, and gave him a list of names to do a conflict check.[2] Dr. Wellington confirmed that he had no conflicts.[3] Attorney Pawlak's November 14th billing records show she "[c]onfer[red] with Brian Wellington on [the] expert role"[4] and asked Dr. Wellington about an engagement letter; he replied with a blank retention letter saying he was "[l]ooking forward to working with you too."[5] Pawlak never executed the retention letter.

---

[1] Defendant Alif Transport's Reply Brief [Doc. 89 at 2].

[2] Defendant Alif Transport's Motion to Exclude Expert [Doc. 83 ¶ 1].

[3] Doc. 83 ¶ 3.

[4] *Id.* ¶ 5; Doc. 83-3 at 1.

[5] Doc. 83 ¶ 4.

In the following 13 months, Pawlak emailed Dr. Wellington on two occasions. First, in February 2023, Pawlak emailed Dr. Wellington about another case and mentioned the present case in passing.[6] Seven months later, in September 2023, Plaintiffs retained Dr. Wellington.[7] Pawlak contacted Dr. Wellington one further time in October 2023 about an unrelated case and mentioned the present case. Dr. Wellington replied but did not mention this case or his recent retention.[8]

Dr. Wellington avers in his Declaration he had "no recollection of being retained" by Pawlak, and she never completed his retention form.[9] He further asserts that the only information Pawlak provided to him relating to the case was "that it was a Clean Water Act case, the names of the parties, and the address of the property."[10] Plaintiffs have received invoices totaling $8,889.08 for the work Dr. Wellington has completed thus far.[11]

"In determining whether to disqualify a party's expert . . . a district court may consider such factors as: (1) 'whether the other party had a confidential relationship with the expert;' (2) 'whether it was objectively reasonable for the other party to believe that it

---

[6] *Id.* ¶ 6.

[7] Declaration of Craig Pendergrast [Doc. 87-1 ¶ 2].

[8] *Id.* ¶ 10.

[9] Declaration of Dr. Brian Wellington [Doc. 87-2 ¶ 10].

[10] *Id.* ¶ 10.

[11] Doc. 87-1 ¶ 12.

had such a relationship;' and (3) 'whether the other party did, indeed, disclose confidential information to the expert.'"[12]

Alif argues it is "objectively reasonable"[13] to believe Dr. Wellington was Alif's consulting expert based on Pawlak's early communication with Dr. Wellington about this case and the length of their professional history. Plaintiffs counter Defendant never retained Dr. Wellington, and he has no memory or record of any privileged or confidential information provided to him.[14]

"[A]bsent equitable reasons to the contrary, any substantial ambiguity regarding whether there is a confidential relationship between an attorney and an expert should be resolved against the attorney seeking to invoke the relationship."[15] "Certainly, as a general proposition, lawyers, as 'repeat players' in litigation, are in the best position to ensure that they and a consulting expert 'have a clear and unambiguous understanding that a confidential relationship has been created.'"[16] "Thus, 'because lawyers seeking to invoke the confidential relationship have the knowledge, experience, and the ability to

---

[12] *Cameron v. Peach County*, No. 5:02-cv-41-1 (CAR), 2003 WL 26098541, *1 (M.D. Ga. Aug. 11, 2003) (quoting *Wyatt v. Hanan*, 871 F. Supp. 415, 419 (M.D. Ala. 1994)).

[13] Doc. 83 at 9; *see* Doc. 89 at 3.

[14] Doc. 87 at 6.

[15] *Cameron*, 2003 WL 26098541, *3 (quoting *Wyatt v. Hanan*, 871 F. Supp. 415, 420 (M.D. Ala. 1994)).

[16] *Id.* (quoting *Wyatt*, 871 F. Supp. at 420–21).

avoid the conflict, it is appropriate that the consequences for failing to take the necessary precautionary measures should fall upon them.'"[17]

Here, both parties agree Alif did not sign Dr. Wellington's retention letter. Although Dr. Wellington has worked as a consulting expert with Pawlak before, Pawlak "knew how to best form such a relationship"[18] and failed to do so. Pawlak has not shown she actually disclosed any confidential or privileged information to Dr. Wellington—the best she can show is that she "confer[red]" with him about the expert role ten months before he was retained by Plaintiffs' counsel.[19] Moreover, because the Eleventh Circuit does not "recognize any blanket rule or policy against 'side-switching,'"[20] the Court **DENIES** Defendant Alif Transport's Motion to Exclude Expert [Doc. 83].

## II.  Motion for Extension of Time to Complete Discovery

Defendants seek extensions of time: to depose Dr. Wellington, for Defendants to disclose their experts and reports and make them available for deposition, for supplemental expert reports and depositions, to complete discovery, and to file dispositive and *Daubert* motions. Plaintiffs agree additional time is needed to complete discovery, noting they may need to take up to twenty fact depositions.

---

[17] *Id.*

[18] *Cameron*, 2003 WL 26098541, *3.

[19] Doc. 83 at 10.

[20] *Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1445 (11th Cir. 1998).

The Court **GRANTS** Defendants' Motion for Extension of Time [Doc. 85] and sets the following deadlines:

| | |
|---|---|
| **Plaintiffs' Expert Deposition Deadline** | April 18, 2024 |
| **Defendants' Expert Disclosure Deadline** | May 4, 2024 |
| **Defendants' Expert Deposition Deadline** | June 4, 2024 |
| **Supplemental Report Deadline** | June 18, 2024 |
| **Supplemental Deposition Deadline and Discovery Ends** | July 18, 2024 |
| **Dispositive/Daubert Motion Deadline** | July 18, 2024 |

The Court **HEREBY DIRECTS** the parties to create a schedule of depositions they intend to take and submit it to the Court by Tuesday, March 19, 2024.

**SO ORDERED,** this 5th day of March, 2024.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

6